## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HOWARD WOODLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-782-CFC |
| | ) | |
| ROBERT MAY, Warden, | ) | |
| and ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

## <u>MEMORANDUM OPINION</u>

Howard Woodlin.  *Pro Se* Petitioner.

Sean P. Lugg, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

September 9, 2021
Wilmington, Delaware

---

[1]Warden Robert May replaced former Warden Dana Metzger, an original party to the case.  *See* Fed. R. Civ. P. 25(d).

CONNOLLY, CHIEF JUDGE:

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 filed by Howard Woodlin.  (D.I. 3)  The State filed an Answer in

opposition.  (D.I. 12)  For the reasons discussed, the Court will deny the Petition.

I.    **BACKGROUND**

> [Petitioner] and Tammy Campbell ("Campbell") are the parents of two children: Sarah, born in 2000, and Matthew, born in 2005.[2]   While Sarah was living temporarily with Campbell's aunt, Barbara, Sarah disclosed to Barbara that she had been sexually assaulted by her father and that she had witnessed incidents of sexual contact between her parents.
>
> Barbara took Sarah to the CAC [Children's Advocacy Center] in Kent County on September 24, 2007, and a recorded interview of then seven-year-old Sarah was conducted.  Two days after the CAC interview, Campbell and [Petitioner] were arrested by the Delaware State Police.  Campbell pled guilty to a charge of Rape in the Second Degree involving her daughter.  Campbell was sentenced to twenty-five years of incarceration at Level V, suspended after serving ten years, for probation supervision.
>
> At [Petitioner's] trial, Campbell testified that her daughter observed [Petitioner] licking her breasts on three occasions, and that Sarah saw Campbell touching [Petitioner's] penis three times.  Campbell also testified that her daughter told her that [Petitioner] had touched the child "in her vagina area."  While being interviewed by a Delaware State Police Detective, [Petitioner] stated that "whatever Campbell said is what happened."
>
> Sarah testified at her father's 2008 trial.  She acknowledged speaking with Klecan, the CAC forensic interviewer, about her father "[b]ecause he did something wrong to me."  Sarah did not want to describe what her father did "[b]ecause it's nasty."  After Sarah's direct trial testimony was completed, the

---

[2]Sarah and Matthew are pseudonyms.  *See Woodlin v. State*, 3 A.3d 1084,1085 n.3 (Del. July 22, 2010).

> videotaped CAC interview was admitted into evidence and
> played for the jury.  There was no cross-examination.

*Woodlin*, 3 A.3d at 1085.

On November 17, 2008, a Delaware Superior Court jury convicted Petitioner of first-degree rape, dangerous crime against a child, three counts of endangering the welfare of a child, first degree unlawful sexual contact, and first-degree indecent exposure.  *See Woodlin*, 3 A.3d at 1084.  On January 27, 2009, the Superior Court sentenced Petitioner to life in prison at Level V for the first-degree rape conviction, and to "various periods of incarceration for the other convictions."  *Id*.  The Delaware Supreme Court affirmed Petitioner's convictions and sentences on July 22, 2010.  *See id*. at 1089.

In May 2011, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 12 at 2; D.I. 13-1 at 5, Entry No. 52)  On May 3, 2013, a Superior Court Commissioner issued a report recommending the denial of the Rule 61 motion.  *See State v. Woodlin*, 2017 WL 6948353, at *1 (Del. Super. Ct. July 18, 2017).  Petitioner did not appeal that decision, but filed a motion for appointment of counsel.  *See id*.  The Superior Court appointed counsel to represent Petitioner in his Rule 61 proceeding.  Post-conviction counsel filed an amended Rule 61 motion ("amended Rule 61 motion") in April 2016 and waived all the grounds raised in Petitioner's original *pro se* Rule 61 motion.  *See id*.; (D.I. 12 at 2; D.I. 13-1 at 7, Entry No. 79; D.I. 12-1 at 20-21)  A Superior Court Commissioner issued a Report in July 2017 recommending the denial of Petitioner's amended Rule 61 motion.  *See. Woodlin*, 2017 WL 6948353, at *5.  In September 2017, the Superior

2

Court adopted the Commissioner's Report and Recommendation in its entirety and denied Petitioner's amended Rule 61 motion. *See State v. Woodlin*, 2017 WL 4023290, at *1 (Del. Super. Ct. Sept. 12, 2017). The Delaware Supreme Court affirmed the Superior Court's judgment on April 12, 2018. *See Woodlin v. State*, 184 A.3d 842 (Table), 2018 WL 1770979, at *1 (Del. Apr. 12, 2018).

## II.   GOVERNING LEGAL PRINCIPLES

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B.  Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

3

States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.  § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).  A claim has been "adjudicated on the merits" for the purposes of § 2254(d) if the state court decision finally resolved the claim on the basis of its substance, rather than on a procedural or some other ground.  *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).  The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct.  *See* § 2254(e)(1).  This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary.  *See* § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.   DISCUSSION

Petitioner asserts four Claims[3] in his timely-filed Petition: (1) the trial court failed

---

[3]For ease of analysis, the Court has renumbered the Claims without altering their substantive arguments.

to "insure the proper procedures for introducing out of court testimony" under 11 Del. Code § 3507; (2) defense counsel provided ineffective assistance by failing to request a bill of particulars; (3) defense counsel provided ineffective assistance by failing to introduce evidence concerning the victims' Sexual Assault Nurse Examiner (SANE) exam; and (4) defense counsel provided ineffective assistance by failing to move for a judgment of acquittal.

### A. Claim One:  Improper Foundation to Admit Statement Under Del. Code § 3507

Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues.  *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In Claim One, Petitioner contends that the "[t]rial court did not hold a *voir dire* to insure the proper procedures for introduction of out of court testimony."  (D.I. 3 at 8) Petitioner presented this same argument to the Delaware Supreme Court on direct appeal, asserting that the victim's trial testimony was inadmissible under § 3507 because the testimony "did not touch upon the events described in the CAC interview," and "she did not affirm the truthfulness of her prior recorded statement."  *Woodlin*, 3 A.3d at 1087.  After thoroughly reviewing Claim One for plain error under § 3507, the

5

Delaware Supreme Court held that the "trial judge properly exercised his discretion in admitting the child complaining witness' prior out-of-court statement under section 3507." *Id*. at 1089.

As presented here and to the Delaware Supreme Court on direct appeal, Claim One asserts an error of state law rather than a federal constitutional issue. Accordingly, the Court will deny Claim One for failing to assert an issue cognizable on federal habeas review.

### B. Claims Two, Three, and Four: Ineffective Assistance of Counsel

In Claims Two, Three, and Four, Petitioner contends that defense counsel provided ineffective assistance by failing to: (1) request a bill of particulars; (2) introduce the findings of the SANE report; and (3) move for judgment of acquittal. The Delaware Superior Court denied all three Claims as meritless, and the Delaware Supreme Court affirmed that decision "on the basis of and for the reasons stated in the Commissioner's June 29, 2017[4] Report and Recommendation as adopted by the Superior Court in its September 12, 2017 Order."[5] *Woodlin*, 2018 WL 1770979, at *1. Given the state courts' adjudication of Petitioner's ineffective assistance of counsel claims, Claims Two,

---

[4]The Commissioner's Report and Recommendation is actually dated July 18, 2017, not June 29, 2017. *See Woodlin*, 2017 WL 6948353.

[5]Although the record reveals that Petitioner did not present Claim Four to the Delaware Supreme Court on post-conviction appeal, (D.I. 13-10), the State does not argue that the Claim should be denied as procedurally barred. Rather, the State contends that the argument is meritless. (D.I. 12 at 12) Given the State's waiver of the procedural bar, the Court will consider Claim Four under § 2254(d).

Three, and Four will only warrant habeas relief if the Superior Court's[6] decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny.  *See Wiggins v. Smith*, 539 U.S. 510 (2003).  Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance.  *Strickland*, 466 U.S. at 688.  Under the second *Strickland* prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's error the result would have been different."  *Id.* at 687-96.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome."  *Id.* at 688.  A court many deny an ineffective assistance of counsel claim by only deciding one of the *Strickland* prongs.  *See Strickland*, 466 U.S. at 697.

In order to sustain an ineffective assistance of counsel claim, a petitioner must

_____

[6]The Superior Court Commissioner's Report and Recommendation dated July 18, 2017 is the last state court decision containing a reasoned analysis.  Consequently, the Court references the July 18, 2017 Superior Court decision when analyzing Petitioner's arguments under § 2254(d).  *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (2018) (reiterating that when a higher court affirms a lower court's judgment without an opinion or other explanation, federal habeas law employs a "look through" presumption and assumes that the later unexplained order upholding a lower court's reasoned judgment rests upon the same grounds as the lower court judgment*); Y1st v. Nunnemaker*, 501 U.S. 797, 804 (1991) (under the "look through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

7

make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.  *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987).  Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."  *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Superior Court correctly identified the *Strickland* standard as governing Petitioner's instant ineffective assistance of counsel contentions.  *See Woodlin*, 2017 WL 6948353, at *3.  As a result, the Superior Court's decision was not contrary to clearly established federal law.

The Court must also determine if the Superior Court reasonably applied the *Strickland* standard to the facts of Petitioner's case.  *See Harrington*, 562 U.S. at 105-06.  When performing this inquiry, the Court must review the Delaware Supreme Court's denial of Petitioner's ineffective assistance of counsel allegations through a "doubly deferential" lens.  *Id*.  "[T]he question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*.  When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable."  *Id*.  And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Id*. at 101.

8

### 1.  Claim Two: Failure to request bill of particulars

Petitioner contends that defense counsel provided ineffective assistance by failing to request a bill of particulars, because it is "unclear from [the] indictment and evidence put forth by the State whether Petitioner was convicted of separate actions or whether he was convicted of charges stemming from the same incident, thus implicating a claim of double jeopardy."  (D.I. 3 at 5)  "A bill of particulars may be used to inform the defendant of the nature of the charges so that he or she may prepare an adequate defense, avoid surprise during trial and protect against any potential second prosecution for the same offense."  *United States v. Rosa*, 891 F.2d 1063, 1065 (3d Cir. 1989); *see also State v. Hixon*, 2019 WL 2289404, at *2 (Del. Super. Ct. May 23, 2019) (explaining that a bill of particulars "provides supplemental information to an indictment and serves as an additional safeguard protection for a defendant against unfair surprises at trial and double jeopardy.").  While a bill of particulars "fills in any informational gaps missing in the indictment which then allows the accused to develop his defense,"[7] a bill of particulars may not be necessary "in instances where discovery or other matters in the record (*e.g.*, a preliminary hearing transcript) reveal a factual element of a charge."  *State v. Ginegaw*, 2011 WL 880869, at *1 n.1 (Del. Super. Ct. Mar. 2, 2011).  "No bill of particulars is required if a defendant has been provided the requested information sought through alternative sources."  *State v. Banther*, 1998 WL 283476, at *1 (Del. Super Ct. Apr. 2, 1998).  In the end, "the ultimate test of the appropriateness of a bill of particulars is whether the information is necessary, not whether it is helpful to the

---

[7]*See State v. Goldsborough*, 2000 WL 706790, at *2 (Del. Super. Ct. Feb. 10, 2000).

defendant." *State v. Phillips*, 2004 WL 909557, at *5 (Del. Super. Ct. Apr. 21, 2004) (cleaned up).

After reviewing Petitioner's complaint about defense counsel's failure to request a bill of particulars within the context of the record and the applicable legal framework, the Court concludes that the Superior Court did not unreasonably apply *Strickland* when denying Claim Two.  As an initial matter, defense counsel's failure to request a bill of particulars was not professionally unreasonable.  In his Rule 61 affidavit, defense counsel explained that he "had adequate information from other sources to gain knowledge of the alleged crimes and did not require a Bill of Particulars."  *Woodlin*, 2017 WL 4023290, at *4; (D.I. 13-13 at 113)  The record reveals that defense counsel had information from at least three sources: the arrest warrant, the indictment, and the victim's recorded CAC interview.  *See* (D.I. 13-11 at 15-24); *Woodlin*, 2017 WL 4023290, at *4.  Notably, the 2007 arrest warrant alleged that, on or about July 30, 2007, Petitioner intentionally engaged in sexual intercourse with a child by "inserting his penis into his 7 year old daughter's vagina without the victim's consent."  (D.I. 13-11 at 16)  The other allegations of the 2007 arrest warrant contain similar explicit descriptions of Petitioner's unlawful sexual conduct involving the minor complaining witness.  (D.I. 13-11 at 16-20)  The enumeration of the charges in the arrest warrant and in the November 5, 2007 nine-count indictment were sufficiently detailed and provided enough information to apprise Petitioner of the specific illegal sexual conduct being alleged and avoid prejudicial surprise.  (D.I. 13-11 at 15-24)

In addition, Petitioner does not identify any additional information a bill of particulars could have provided that would have aided in preparing his defense or in

protecting him against double jeopardy.  Therefore, Petitioner has failed to demonstrate a reasonable probability that the outcome of his trial would have been different but for defense counsel's failure to request a bill of particulars.

Accordingly, the Court will deny Claim Two for failing to satisfy the standard articulated in § 2254(d).

### 2.   Claim Three: Failure to introduce SANE report

Next, Petitioner contends that defense counsel provided ineffective assistance by failing to introduce the findings of the written SANE report from the victim's hospital physical examination, because the SANE report noted there were no signs of physical injury.  (*See* D.I. 13-10 at 23-24)  The Superior Court rejected this argument, opining:

> a review of the transcript of the preliminary hearing indicates that the nurse who performed the S.A.N.E. examination found evidence that could suggest both vaginal and anal penetration of the seven year-old victim.  In light of this fact I conclude it was a perfectly reasonable trial strategy not to introduce the report.   There clearly was no prejudice to [Petitioner]. I conclude this ground for relief is meritless.

*Woodlin*, 2017 WL 4023290, at *4.

During closing argument on November 17, 2008, defense counsel stated:

> You heard from the police officer, and she testified that a medical exam, to her knowledge, was performed. Where are the results of that exam?  Where is the doctor or nurse who performed it here to testify?  Is it because the results don't show anything?  I don't know.  I can't tell you that, but it's a question I can ask you to reconcile.  I can state that the State has produced no physical evidence to support any of the factual allegations today.

(D.I. 13-12 at 61)  This excerpt shows that defense counsel was able to highlight the State's failure to produce any physical evidence even without the SANE report.  Given

11

these circumstances, Petitioner has not demonstrated a reasonable probability that the outcome of his proceeding would have been different but for defense counsel's failure to introduce the findings of the SANE report.

Looking through the doubly deferential lens applicable to ineffective assistance of counsel claims on federal habeas review, the Court concludes that the Superior Court did not unreasonably apply *Strickland* in denying Petitioner's instant argument for failing to demonstrate prejudice. Therefore, the Court will deny Claim Three.

### 4. Claim Four: Failure to move for judgment of acquittal

In Claim Four, Petitioner contends that defense counsel provided ineffective assistance by failing to move for judgment of acquittal. The Superior Court rejected this argument as factually baseless, explaining that a "review of the trial transcripts reveals that Trial Counsel did in fact move for Judgment of Acquittal." *Woodlin*, 2017 WL 4023290, at *5.

The record supports the Superior Court's factual determination. At the conclusion of the State's case, defense counsel asserted that the State did not meet its "prima facie case on several counts" (specifically, the first degree rape count), and then argued:

> I would highlight there seems to be a discrepancy as to when this exactly happened. I've heard no testimony as to the exact day or time. I've heard discrepancies in location. I don't believe, absent that, being able to establish the date and time and location with specificity, that the State can carry the burden.

(D.I. 13-12 at 15-16) The State responded that it had met its burden under the applicable standard of "looking at the evidence in the light most favorable to the State."

12

(D.I. 13-12 at 17)  The State then argued that the date and time were not elements of the offense, and that the victim's testimony on the CAC tape established the location of the offenses (the victim's home) as well as the fact "that there was sexual intercourse between herself and her father, that she is under the age of 16 and that he stands in a position of trust, authority or supervision over the child." (*Id*.)  The trial court denied the motion for judgment of acquittal after "[a]pplying the standard applicable." (*Id*. at 17-18)

Since defense counsel did, in fact, move for judgment of acquittal, Petitioner's instant allegation of ineffective assistance necessarily fails.  Therefore, the Court will deny Claim Four.

## IV.     CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief.  Reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court will not issue a certificate of appealability.

## V.      CONCLUSION

For the reasons discussed, the Court concludes that the instant Petition must be denied.  An appropriate Order will be entered.

13